UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| TRUSTEES OF THE NEW YORK CITY DISTRICT COUNCIL OF CARPENTERS PENSION FUND, WELFARE FUND, ANNUITY FUND, and APPRENTICESHIP, JOURNEYMAN RETRAINING, EDUCATIONAL AND INDUSTRY FUND, TRUSTEES OF THE NEW YORK CITY CARPENTERS RELIEF AND CHARITY FUND, and THE NEW YORK CITY AND VICINITY CARPENTERS LABOR-MANAGEMENT CORPORATION, <br><br> Plaintiffs, <br><br> -against- <br><br> CHAMPION INTERNATIONAL CONSTRUCTION CORP., <br><br> Defendant. | No. 18-CV <br><br> **COMPLAINT** <br><br> **Jury Trial Demanded** |

Plaintiffs, by and through their attorneys, Virginia & Ambinder, LLP, as and for their Complaint, respectfully allege as follows:

## NATURE OF THE ACTION

1. This is a civil action under Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132, and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, to collect delinquent employer contributions to a group of employee benefit plans and for related relief.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1367, and 29 U.S.C. §§ 185 and 1132(e)(1).

3. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) because the Funds (as defined below) are administered in this district.

## THE PARTIES

4. Plaintiffs Trustees of the New York City District Council of Carpenters Pension, Welfare, and Annuity, Apprenticeship, Journeyman Retraining, Educational and Industry Funds (the "ERISA Funds") are employer and employee trustees of multiemployer labor-management trust funds organized and operated in accordance with ERISA. The ERISA Funds are organized and operated in accordance with Section 302(c) of the LMRA, 29 U.S.C. § 186(c), and are employee benefit plans within the meaning of Section 3(3) of ERISA, 29 U.S.C. §1002(3). The Trustees are fiduciaries of the ERISA Funds within the meaning of Section 3(21) of ERISA, 29 U.S.C. § 1002(21). The ERISA Funds maintain their principal place of business at 395 Hudson Street, New York, New York 10014.

5. Plaintiffs Trustees of the New York City District Council of Carpenters Relief and Charity Fund (the "Charity Fund") are Trustees of a charitable organization established under Section 501(c)(3) of the Internal Revenue Code, 26 U.S.C. § 501(c)(3). The Charity Fund maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

6. Plaintiff New York City and Vicinity Carpenters Labor-Management Corporation (together, with the Charity Fund and the ERISA Funds, as the "Funds") is a New York not-for-profit corporation, and maintains its principal place of business at 395 Hudson Street, New York, New York 10014.

7. Defendant Champion International Construction Corp. ("Champion International") is a New York based corporation authorized to do business in this State.

## FACTS

**Champion Construction Corp.'s Obligations to the Funds**

8. At relevant times, Champion Construction Corp. ("Champion Construction") was a party to, or manifested an intention to be bound by, a collective bargaining agreement (the "CBA") with the New York City District Council Carpenters f/k/a District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America (the "Union").

9. The CBA required Champion Construction to make periodic contributions to the Funds for work performed within the trade and geographical jurisdiction of the applicable union ("Covered Work").

10. Additionally, the CBA required Champion Construction to provide its books and payroll records when requested by the Funds for the purpose of conducting an audit to ensure compliance with required benefit fund contributions.

11. Champion Construction abrogated its CBA effective June 30, 2013.

**The Funds Obtain a Judgment Against Champion Construction**

12. An audit of Champion Construction found that Champion Construction failed to remit all required contributions to the Funds.

13. The Funds submitted the matter to arbitration pursuant to the CBA's arbitration clause.

14. On October 28, 2014, the designated arbitrator issued an arbitration award in favor of the Funds and against Champion Construction in the amount of $1,155,709.72.

15. On December 1, 2014, the Funds filed a proceeding to confirm the arbitration award styled *Trustees of the New York City District Council of Carpenters Pension Fund, et al. v. Champion Construction Corp.,* Dkt. No. 14-cv-9504 (LLS) (S.D.N.Y.).

16. On February 27, 2015, the court confirmed the award and issued a judgment in favor of the Funds and against Champion Construction in the amount of $1,174,136.37 (the "Judgment").

**Champion International is the Alter Ego of Champion Construction**

17. At relevant times, Champion International was an alter ego and successor of and single employer with (collectively, "alter ego") Champion Construction and both companies had substantially identical management, business purpose, operation, equipment, customers, supervision, and ownership.

18. Champion Construction and Champion International were both engaged in the business of performing carpentry work within New York City.

19. Champion International failed to remit any contributions to the Funds in connection with work it performed within the scope and geographical jurisdiction of Champion Construction's CBA.

20. Champion Construction and Champion International have common ownership, management, and supervision, and they both share a centralized control of labor relations. Herbert J. Chan is the owner and operator of both Champion Construction and Champion International and he controlled their labor relations.

21. Champion Construction and Champion International share a common telephone number: 718-818-8202.

22. Champion Construction and Champion International share a common website, insofar as users who visited Champion International's website were redirected to Champion Construction's website.

23. Champion Construction and Champion International share a common address: 941 Forest Ave. Staten Island, New York 10310.

24. Upon information and belief, Champion Construction and Champion International performed the same work without any meaningful distinction in their operations.

25. Upon information and belief, Champion Construction and Champion International used the same equipment, vehicles, and facilities, and employed each other's workers without any meaningful distinction in their operations, and their employees constituted a single bargaining unit.

26. Champion International had prior notice of Champion Construction's liabilities and obligations to the Funds due to the common ownership between the entities.

27. Champion International and Champion Construction created or maintained Champion International to perpetrate a fraud against the Funds, including the avoidance of Champion Construction's obligations to the Funds under the CBA.

28. As alter egos, Champion International and Champion Construction are subject to the CBA's terms up through June 30, 2013, and each is liable for each other's unpaid contributions and obligations to the Funds, including the Judgment.

**THE FUNDS' FIRST CLAIM FOR RELIEF AGAINST CHAMPION INTERNATIONAL**
(**Alter Ego Liability/Liability for Delinquent Contributions/Violation of the CBA**)

29. The Funds repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

30. Section 515 of ERISA provides that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

31. Section 301 of the LMRA authorizes the Funds, as third-party beneficiaries to the CBA, to file a federal lawsuit regarding an employer's violation of that CBA.

32. At relevant times, Champion Construction was a party to or otherwise bound by the CBA.

33. The CBA and the documents and instruments governing the Funds required Champion Construction to make specified hourly contributions to the Funds in connection with all Covered Work performed and to submit to and comply with periodic payroll audits when requested by the Funds.

34. At relevant times, Champion Construction and Champion International were alter egos of each other and had substantially identical management, business purpose, operations, equipment, customers, supervision, and ownership.

35. By virtue of their alter ego status, Champion Construction and Champion International are and at all relevant times have been bound by the CBA and they are jointly and severally liable for each other's obligations thereunder, including the Judgment.

36. Champion International violated the CBA's terms when it failed to remit contributions as required by the CBA.

37. Pursuant to Sections 502 and 515 of ERISA, 29 U.S.C. §§ 1132 and 1145, Section 301 of the LMRA, 29 U.S.C. § 185, the NYC CBA, the Funds' Collection Policy, and the documents and instruments governing the Funds, the Funds are entitled to an order directing Champion International to: (1) submit to an audit of its books and records covering the period January 1, 2010 to June 30, 2013; and (2) pay all delinquent contributions and other associated liquidated damages, interest, fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds during the course of this litigation. Additionally, the Funds are entitled

to an order that Champion International is jointly and severally liable with Champion Construction for the Funds' Judgment.

38. Absent an audit, the Funds have no ascertainable method of determining the amount of delinquencies due and owing for work Champion International performed within the scope of the CBA.

39. As an unadjudicated alter ego, the Funds have no feasible method of requiring Champion International to submit to such an audit to determine its outstanding delinquencies.

40. Accordingly, a court order compelling Champion International to submit to an audit is necessary for the Funds to recover delinquencies due and owing by Champion International.

## DEMAND FOR JURY TRIAL

41. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, the Funds demand trial by jury in this action of all issues so triable.

**WHEREFORE,** the Funds respectfully request that this Court:

(1) On the Funds' First Claim for Relief, declare that Champion International and Champion Construction are alter egos of each other and that Champion International: (1) is required to submit to an audit of its books and records covering the period January 1, 2010 through June 30, 2013; (2) is required to pay all delinquent contributions and other associated liquidated damages, interest, fees, and costs revealed by such an audit or otherwise found to be due and owing to the Funds during the course of this litigation; and (3) is jointly and severally liable with Champion Construction for the Funds' Judgment; and

(2) Awarding the Funds such other and further relief as the Court may deem just and proper.

Dated: New York, New York
       June 29, 2018

Respectfully submitted,

**VIRGINIA & AMBINDER, LLP**

By:    /s/
Todd Dickerson, Esq.
40 Broad Street, 7th Floor
New York, New York 10004
(212) 943-9080
Tdickerson@vandallp.com
*Attorneys for Plaintiffs*