USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC#_____
DATE FILED: 10-30-18

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

TRUSTEES OF THE NEW YORK CITY
DISTRICT COUNCIL OF CARPENTERS
PENSION FUND, WELFARE FUND, ANNUITY
FUND, AND APPRENTICESHIP, JOURNEYMAN
RETRAINING, EDUCATIONAL AND INDUSTRY
FUND, ET AL.,

          Plaintiffs,

- against -

CHAMPION INTERNATIONAL CONSTRUCTION
CORP.,

          Defendant.

18-cv-5881 (JGK)

MEMORANDUM OPINION
AND ORDER

---

JOHN G. KOELTL, District Judge:

The plaintiffs[1] seek to compel an audit and to recover delinquent contributions and related damages – under section 301 of the Labor Management Relations Act of 1947, as amended, 29 U.S.C. § 185, and under sections 502(a)(3) and 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. §§ 1132(a)(3) and 1145 – allegedly due to the plaintiffs from the defendant, Champion International Construction Corp. ("Champion International"). The plaintiffs claim that Champion International is the alter ego of Champion Construction Corp. ("Champion Construction"). The plaintiffs contend that they are

---

[1] Trustees Of The New York City District Council Of Carpenters Pension Fund, Welfare Fund, Annuity Fund, and Apprenticeship, Journeyman Retraining, Educational and Industry Fund; Trustees Of The New York City Carpenters Relief and Charity Fund; and The New York City and Vicinity Carpenters Labor-Management Corporation.

entitled to the requested audit of, and contributions and damages from, Champion International pursuant to a collective bargaining agreement ("CBA") between Champion Construction and the New York City District Council of Carpenters (the "Union").

## I.

The underlying dispute arose after the plaintiffs conducted an audit of Champion Construction and found that Champion Construction failed to remit to the plaintiffs all contributions required under the CBA. Amended Complaint ¶ 12. The plaintiffs initiated arbitration to recover the delinquent contributions pursuant to the CBA's arbitration clause. Id. ¶ 13.

An arbitration hearing was scheduled for February 18, 2014, but Champion Construction requested that the hearing be adjourned because Champion Construction had scheduled an appointment for the plaintiffs' auditor to perform an audit. See Fojas Decl. Ex. B at 1-2. However, Champion Construction failed to keep its scheduled audit appointment. Id. at 2. In an October 28, 2014, opinion and award, the arbitrator found that Champion Construction violated the CBA by refusing to make its books and records available so that the plaintiffs could conduct the scheduled audit. See id. The arbitrator then awarded the plaintiffs $900,033.12 in delinquent contributions – the amount that the plaintiffs estimated they were owed. Id. The arbitrator

also awarded the plaintiffs interest, attorneys' fees, and other damages and costs, for a total of $1,155,709.72. Id. at 3.

On December 2, 2014, the plaintiffs commenced an action in this District to enforce the arbitration award. Id. Ex. A. at 1. Champion Construction failed to respond to the plaintiffs' complaint. Id. In a February 27, 2015, default judgment and order, a court in this District awarded the plaintiffs $1,155,709.72 plus $17,454.15 in interest and $972.50 in attorneys' fees and costs, for a total judgment of $1,174,136.37. Id.

The plaintiffs then commenced this suit against Champion International to enforce the judgment rendered against Champion Construction. The plaintiffs allege that Champion International was, at relevant times, "an alter ego and successor of and single employer with" Champion Construction. Amended Complaint ¶ 17. According to the plaintiffs, the two entities had common ownership, management, and supervision; shared a telephone number, website, and address; used the same equipment, vehicles, and facilities; and employed the same workers and performed the same work without any meaningful distinction. Id. ¶¶ 20-25. Thus, the plaintiffs contend, Champion International is subject to the CBA's terms and is liable for both its own and Champion Construction's unpaid contributions and obligations to the plaintiffs. Id. ¶ 28.

3

Despite being served with the plaintiffs' complaint in this action, Champion International has not responded. The Clerk entered a certificate of default on September 6, 2018. Dkt. No. 15. The plaintiffs filed a motion for a default judgment against Champion International on September 21, 2018. Champion International did not oppose the motion and failed to appear at the October 18, 2018, hearing related to the plaintiffs' motion for a default judgment.

The plaintiffs seek a default judgment against Champion International as follows:

    a. Declaring, in accordance with the Declaratory Judgment Act, 28 U.S.C. §§ 2201-02, that Defendant and Champion Construction are alter egos of each other, bound by Champion Construction's CBA with the Union, and jointly and severally liable for each other's obligations under the CBA;

    b. Awarding Plaintiffs damages of $1,358,240.37, representing the amount of the February 27, 2015 Judgment of this Court in favor of Plaintiffs and against Champion Construction Corp. – plus additional interest of $169,722.06 and attorneys' fees and costs of $14,381.94, for a total of $1,358,240.37, with postjudgment interest to accrue at the statutory rate prescribed by 28 U.S.C. § 1961;

    c. Requiring Defendant, beginning on or before October 30, 2018, and continuing thereafter until an audit may be completed, to submit to and cooperate in an audit by [Plaintiffs] and/or their auditors or other representatives of Defendants' books and records covering the period January 2010 through June 2015;

    d. Requiring [Plaintiffs], within thirty days following the completion of such audit, to file any motion for an award of additional damages arising from such audit; and

> e. Granting such other and further relief as this Court may deem just and proper.

Fojas Decl. ¶ 31. The plaintiffs' motion for a default judgment is **granted**.

## II.

First, the plaintiffs ask this Court to declare, pursuant to the Declaratory Judgment Act (the "DJA"), 28 U.S.C. §§ 2201-02, that Champion International and Champion Construction are alter egos of each other.

### A.

Under the DJA, "[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . <u>may</u> declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a) (emphasis added). A court's exercise of jurisdiction under the DJA is discretionary. See <u>Dow Jones & Co. v. Harrods, Ltd.</u>, 346 F.3d 357, 359 (2d Cir. 2003) (per curiam); <u>Bruce Winston Gem Corp. v. Harry Winston, Inc.</u>, No. 09cv7352, 2010 WL 3629592, at *6 (S.D.N.Y. Sept. 16, 2010). However, the Court of Appeals for the Second Circuit has held that federal district courts must entertain declaratory judgment actions when the judgment "will serve a useful purpose in clarifying and settling the legal relations in issue" or "when it will terminate and afford relief from the uncertainty,

5

insecurity, and controversy giving rise to the proceeding." Cont'l Cas. Co. v. Coastal Sav. Bank, 977 F.2d 734, 737 (2d Cir. 1992); see also Duane Reade, Inc. v. St. Paul Fire and Marine Ins. Co., 411 F.3d 384, 389 (2d Cir. 2005); Gonzalez v. J.P. Morgan Chase Bank, N.A., 228 F. Supp. 3d 277, 286 (S.D.N.Y. 2017).

In this case, there is an actual case or controversy: the plaintiffs' alleged enforceability against Champion International of the February 27, 2015, default judgment rendered against Champion Construction and the plaintiffs' ability to audit Champion International. Declaring whether Champion International is an alter ego of Champion Construction, and thus liable for the default judgment against Champion Construction and subject to other obligations under the CBA, would clarify and settle the legal relations at issue in this case. See Cont'l Cas. Co., 977 F.2d at 737. The Court therefore exercises its discretion to entertain jurisdiction under the DJA.

**B.**

The determination of whether one company is the alter ego of another "depends on 'the totality of the facts.'" Trustees of the New City Dist. Council of Carpenters Pension Fund v. Integrated Structures Corp., 595 F. App'x 15, 17 (2d Cir. 2014) (summary order) (quoting United States v. Funds Held in the Name

6

or for the Benefit of Wetterer, 210 F.3d 96, 106 (2d Cir. 2000)). Relevant facts include, inter alia, commonality in management, business purpose and operations, equipment, supervision, and ownership. N.Y. State Teamsters Conference Pension & Ret. Fund v. Express Servs., Inc., 426 F.3d 640, 649 (2d Cir. 2005). "'The purpose of the alter ego doctrine in the ERISA context is to prevent an employer from evading its obligation under the labor laws,' consistent with 'a general federal policy of piercing the corporate veil when necessary.'" Integrated Structures Corp., 595 F. App'x at 17 (quoting Ret. Plan of UNITE HERE Nat'l Ret. Fund v. Kombassan Holding A.S., 629 F.3d 282, 288 (2d Cir. 2010)).

As stated above, the plaintiffs have pleaded that Champion Construction and Champion International had common ownership, management, and supervision; shared a telephone number, website, and address; used the same equipment, vehicles, and facilities; and employed the same workers and performed the same work without any meaningful distinction. Amended Complaint ¶¶ 20-25. "[A] party's default is deemed to constitute a concession of all well pleaded allegations of liability." Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1992).

The well pleaded facts listed above are sufficient for this Court to declare Champion International and Champion Construction alter egos of one another. See NLRB v. G & T

7

Terminal Packaging Co., 246 F.3d 103, 118 (2d Cir. 2001) (finding one company the alter ego of another where the two shared "a common ownership, management, business purpose, and place of business, as well as substantially the same equipment and employees"). As such, Champion International is legally equivalent to a signatory of the CBA between Champion Construction and the Union. See Kombassan Holding A.S., 629 F.3d at 288. Champion International is therefore bound by the terms of the CBA and is jointly and severally liable for any judgment entered against Champion Construction. See Trustees of N.Y.C. Dist. Council of Carpenters Pension, Welfare, Annuity, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Funds v. Access Sols. Grp., LLC, No. 17cv4679, 2017 WL 5256765, at *3 (S.D.N.Y. Nov. 13, 2017).

### III.

Next, the plaintiffs request that this Court enter a default judgment against Champion International enforcing the $1,174,136.37 default judgment entered by a court in this District against Champion Construction on February 27, 2015. The plaintiffs also seek to recover the interest that has accrued on the $900,033.12 principal arbitration award, attorneys' fees and costs, and postjudgment interest under 28 U.S.C. § 1961.

**A.**

A Court in this District has already confirmed the plaintiffs' arbitration award by issuing a default judgment against Champion Construction confirming the award. Therefore, this case does not require this Court to review the arbitration award – the court that entered the February 27, 2015, default judgment already determined that a judgment was warranted. In any event, independent review of the arbitration award confirms that the award is valid.

A district court's role in reviewing an arbitration award is extremely limited. United Paperworkers Int'l Union, AFL-CIO v. Misco, Inc., 484 U.S. 29 (1987); United Steelworkers v. Enterprise Wheel & Car Corp., 363 U.S. 593 (1960). The Supreme Court has explained that district courts "are not authorized to reconsider the merits of an award even though the parties may allege that the award rests on errors of fact or on misinterpretation of the contract." Misco, 484 U.S. at 36. The Court instructed that "[a]s long as the arbitrator's award 'draws its essence from the collective bargaining agreement,' and is not merely 'his own brand of industrial justice,' the award is legitimate." Id. (quoting United Steelworkers, 363 U.S. at 596). Accordingly, an arbitration award is to be confirmed if there is even a "barely colorable justification" for the

9

decision. <u>United States Steel & Carnegie Pension Fund v. Dickinson</u>, 753 F.2d 250, 252 (2d Cir. 1985).

However, the Second Circuit Court of Appeals has explained that a default judgment is generally inappropriate in a proceeding to confirm or vacate an arbitration award because "[a] motion to confirm or vacate an [arbitration] award is generally accompanied by a record, such as an agreement to arbitrate and the arbitration award decision itself. . . . [T]he petition and accompanying record should [be] treated as akin to a motion for summary judgment based on the movant's submissions." <u>D.H. Blair & Co. v. Gottdiener</u>, 462 F.3d 95, 109 (2d Cir. 2006).

The standard for granting summary judgment is well established. "The [C]ourt shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); <u>see</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 322-23 (1986); <u>Darnell v. Pineiro</u>, 849 F.3d 17, 22 (2d Cir. 2017). The substantive law governing the case will identify those facts that are material and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 248 (1986); <u>see also</u> <u>N.Y.C. Dist. Council of Carpenters v. Reilly Partitions</u>,

Inc., No. 18cv1211, 2018 WL 2417849, at *2 (S.D.N.Y. May 29, 2018).

The arbitrator's award was not the arbitrator's "own brand of industrial justice." See Misco, 484 U.S. at 36 (quoting United Steelworkers, 363 U.S. at 596). The arbitrator found that uncontroverted testimony and evidence established that Champion Construction was bound by the CBA, that the plaintiffs' audit request was proper, and that Champion Construction violated the agreement by refusing to make available its books and records. Fojas Decl. Ex. B at 2. The arbitrator properly found that Champion Construction therefore owed the plaintiffs the estimated $900,033.12 in delinquent contributions plus other damages, fees, and costs. Based on the limited review that is appropriate of an unopposed request to confirm an arbitration award, the Court finds that there is no genuine dispute of material fact and that the plaintiffs are entitled to the arbitration award.

\* \* \*

The plaintiffs are entitled to collect from Champion International the $1,174,136.37 default judgment, entered against its alter ego, Champion Construction, pertaining to the October 28, 2014, arbitration award.

**B.**

The plaintiffs request a judgment for the interest that has accrued since February 27, 2015, on the $900,033.12 principal arbitration award. The plaintiffs claim that interest has accrued at a rate of 5.25 percent per annum.

The CBA states that if the plaintiffs receive a favorable judgment in a proceeding before an arbitrator to collect delinquent contributions, the plaintiffs are entitled to "interest on the unpaid contributions determined at the prime rate of Citibank plus 2%." Fojas Decl. Ex. C at 54. The arbitrator stated in his October 28, 2014, opinion and award that the plaintiffs were entitled to the interest accruing on the entire $1,155,709.72 arbitration award, not just the $900,033.12 principal, at a rate of 5.25 percent. However, given the language of the CBA – providing for "interest on the unpaid contributions" – and the plaintiffs' own request for the interest that has accrued only on the principal, not the entire arbitration award, the Court finds that the plaintiffs are entitled to the interest that has accrued at a rate of 5.25 percent per annum since February 27, 2015, on the $900,033.12 of estimated delinquent contributions.

**C.**

The plaintiffs request attorneys' fees in the amount of $13,856.00 for 43.4 hours of services rendered. See id. Ex. H.

12

Two attorneys, each being either a partner or of counsel, billed 37.6 total hours at a $350 hourly rate, and paralegals billed 5.8 total hours at a $120 hourly rate. See id.; Pls.' Mem. at 15. The plaintiffs also request $525.94 in filing and service fees arising out of this action. Fojas Decl. Ex. H. Thus, the plaintiffs request a total of $14,381.94 in attorneys' fees and costs.

The CBA provides for reasonable attorneys' fees and costs in the event that the plaintiffs obtain a favorable judgment in court proceedings for delinquent contributions. Id. Ex. C at 54. Moreover, the plaintiffs' total request for $14,381.94 is reasonable. The amount of time billed in this case, the hourly billing rates, and the amount of filing and service fees are reasonable. See Sheehan v. Metro. Life Ins. Co., 450 F. Supp. 2d 321, 328 (S.D.N.Y. 2006) (allowing an associate hourly rate of $300 and a paralegal hourly rate of $150 in an ERISA case); see also Abondolo v. H. & M. S. Meat Corp., No. 07cv3870, 2008 WL 2047612, at *4 (S.D.N.Y. May 12, 2008) ("[C]ourts have routinely awarded attorneys fees in cases where a party merely refuses to abide by an arbitrator's award without challenging or seeking to vacate it through a motion to the court.") (collecting cases).

### D.

The plaintiffs are also entitled to postjudgment interest on the full amount of the judgment at the rate provided under 28

U.S.C. § 1961(a). See Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered." (citing 28 U.S.C. § 1961(a)).

**IV.**

Finally, the plaintiffs request that the Court order Champion International "to submit to and cooperate in an audit by the [plaintiffs] and/or their auditors or other representatives of [Champion International's] books and records covering the period January 2010 through June 2015."

The CBA between Champion Construction and the Union – to which Champion International is effectively a party as Champion Construction's alter ego – provides, "It shall be a violation of this Agreement for any Employer . . . to fail to furnish proper records when requested, for the purpose of completing an audit." Fojas Decl. Ex. C at 47. Champion International has not yet submitted to an audit, and the plaintiffs have been unable to determine the precise amount of delinquent contributions owed by Champion Construction and Champion International. It is the plaintiffs' right to conduct such an audit.

Therefore, the Court requires that Champion International, beginning within thirty days of the entry of judgment in this case, submit to an audit scheduled by the plaintiffs. The

14

plaintiffs shall immediately provide a copy of this Order to Champion International.

The Court retains jurisdiction over this case so that it may modify its judgment in light of the results of the audit. Within thirty days of their audit of Champion International, the plaintiffs shall file a motion to amend the Court's judgment so that the Court may award additional damages, if any, as determined by the result of the plaintiffs' audit of Champion International. See La Barbera v. J F H Mak Trucking, Inc., No. 98cv7291, 2007 WL 1827833, at *4 & n.11 (E.D.N.Y. June 22, 2007) (collecting cases in which courts entered a default judgment against a party, required that party to submit to an audit, and reserved jurisdiction to entertain a motion to modify the judgment in light of the audit).

## CONCLUSION

The plaintiffs' motion for a default judgment against Champion International is **granted**. The Clerk of Court is directed to enter judgment against Champion International and for the plaintiffs as follows:

- $1,174,136.37, representing the February 27, 2015, default judgment entered against Champion Construction.
- The interest that has accrued, at a rate of 5.25 percent per annum, between February 27, 2015, and the date of judgment in this case, on the $900,033.12 principal arbitration award.
- $14,381.94 in attorneys' fees and costs.

Postjudgment interest on the entire amount noted above will accrue from the date judgment is entered at the rate provided by 28 U.S.C. § 1961(a).

Champion International, beginning within **thirty days** of the entry of judgment in this case, shall submit to an audit scheduled by the plaintiffs. The plaintiffs shall immediately provide a copy of this Order to Champion International. The Court retains jurisdiction over this case with regard to contributions and damages determined to be owed to the plaintiffs during the audit. If the plaintiffs' audit reveals that Champion International owes additional contributions or damages, the plaintiffs shall file a motion to amend this judgment accordingly within **thirty days** of completing the audit.
**SO ORDERED.**

**Dated:**     **New York, New York**
                **October 30, 2018**

                                           John G. Koeltl
                                           **United States District Judge**